UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

YITZCHOK DICK on behalf of himself and
all other similarly situated consumers

                           Plaintiff,

     -against-

CREDIT BUREAU OF NAPA COUNTY, INC.
D/B/A CHASE RECEIVABLES

                         Defendant.
_____

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Yitzchok Dick seeks redress for the illegal practices of Credit Bureau Of Napa County, Inc. d/b/a Chase Receivables in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2. Plaintiff is citizen of the State of New York who resides within this District.

3. Plaintiff is consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Sonoma, California.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

## *Allegations Particular to Yitzchok Dick*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about March 2, 2015, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter states in pertinent part as follows: "Pay via a Credit Card. ($14.95 Chase Receivables processing fee where applicable)"

13. The notification and collection of the 14.95 Chase Receivables processing fee is unlawful.

See e.g. *Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language ''you can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the

internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.''), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham*, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.), *Quinteros v. MBI Assocs.*, 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb. 27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone.)

14. Defendant's processing fee demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

15. On the rear side of the said letter, the Defendant stated as follows:

> "A creditor may sue you to collect on this debt. Even if the creditor wins and obtains a judgment against you, state and federal laws prevent certain 'exempt' moneys from being taken to satisfy that judgment. Income that you receive from the following sources may be 'exempt' from collection:
>
> 1. Supplemental security income, (SSI);
> 2. Social security;
> 3. Public assistance (welfare);
> 4. Spousal support, maintenance (alimony) or child support;
> 5. Unemployment benefits;
> 6. Disability benefits;
> 7. Workers' compensation benefits;
> 8. Public or private pensions;
> 9. Veterans' benefits; and
> 10. Federal student loans, federal student grants, and federal work study funds."

16. Said language is including, but not limited to, a threat to take unintended legal action.

17. Defendant does not commonly file suits at or about the amount of the Plaintiff's debt which is alleged to be $258.88.

18. The said language was unnecessary and was used by the Defendant as a scare tactic against the Plaintiff.

19. The New York City Department of Consumer Affairs' statement was created to protect and assist consumers whereas the Defendant here, takes that same language and misrepresents it as a scare tactic against the consumer.

20. The clear implication of the Defendant's letter creates vague uncertainty, and in the context of debt collection, such ambiguity and unidentified consequences can strike fear in the least-sophisticated consumer and thereby secure payment.

21. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §§ 1692e and 1692e(10).

22. Under § 1692e(5), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" is an unlawful practice.

23. 15 U.S.C. § 1692e(5) prohibits debt collectors from threatening to take action "that is not intended to be taken." this section is guarding against empty threats intended only to scare a debtor.

24. Here, Chase Receivables threatened that the creditor may take legal action against him if he did not pay his alleged debt, but the creditor could not have had any actual intention to do so.

25. Chase Receivables' legal threats and mentioning of judgments and monies being used to satisfy that Judgment was an unfair and unconscionable Debt Collection ploy which was meant to "threaten, scare and confuse the consumer debtor." the letter was misleading and deceptive in violation of the FDCPA.

26. Chase Receivables uses these scare and pressure tactics of threatening legal action, which the creditor could not and did not intend to take, which constituted an empty

threat of legal action designed to scare the Plaintiff into paying the alleged debt.

27. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA by threatening to take action against Plaintiff even though Defendant has not and does not intend to take such action, and for false and deceptive acts.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

28. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty seven (27) as if set forth fully in this cause of action.

29. This cause of action is brought on behalf of Plaintiff and the members of two classes.

30. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about March 2, 2015, sent within one year prior to the date of the within complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Verizon; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2) and 1692f(1) for making a false representation that it was entitled to receive compensation for payment by credit card.

31. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about March 2, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Verizon; and (b) the collection letter was not returned by the postal service as undelivered; (c) and

the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

32. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

  (a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

  (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

  (c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

  (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

  (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

33. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class

action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

34. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

36. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

37. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);
    And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

        Dated: Cedarhurst, New York
              April 21, 2015


                  /s/ Adam J. Fishbein
            Adam J. Fishbein, P.C.  (AF-9508)
          Attorney At Law
              **Attorney for the Plaintiff**
            483 Chestnut Street
               Cedarhurst, New York 11516
                Telephone (516) 791-4400
                 Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.



                    /s/ Adam J. Fishbein
               Adam J. Fishbein (AF-9508)

DEPT 1011     4561105215023
PO BOX 4115
CONCORD CA  94524



RETURN SERVICE REQUESTED

Y DICK
580 CROWN ST APT 005
BROOKLYN NY 11213-5355

**CHASE RECEIVABLES**
A Professional Collection Agency

800-622-0484

March 2, 2015

Send payments/Correspondence To:
Chase#  11348991-MY VT
Chase Receivables
1247 Broadway
Sonoma, CA 95476

IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE THIS PORTION WITH YOUR PAYMENT

---

*Office Handling Your Account:*
*Office Hours:*
**PLEASE CALL BETWEEN**
Monday-Friday 6:00am to 6:30pm PST
Saturday 7am to 2:30pm PST

CREDITOR: VERIZON
CREDITOR ACCT#: 7187733726210228
ACCT#: 11348991
AMOUNT DUE: $258.88

Dear Y DICK

This letter is to inform you of a special offer to resolve your overdue account with our client.  We apologize that a possible hardship or pitfall may have prevented you from satisfying your obligation.  It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your outstanding debt.  We are presenting four options that will enable you to avoid further collection activity being taken against you.

Please note that you may have additional outstanding accounts that do not qualify for this offer.

OPTION 1:   A settlement of **45% OFF** of your current balance, **SO YOU ONLY PAY $142.38** in **ONE PAYMENT** that must be received in this office on or before <u>March 16, 2015</u>.
OPTION 2:   A settlement of **25% OFF** of your current balance, **SO YOU ONLY PAY $194.16** in **ONE PAYMENT** that must be received in this office on or before <u>March 31, 2015</u>.
OPTION 3:   A settlement of **35% OFF** of your current balance, **SO YOU ONLY MAKE TWO PAYMENTS OF $84.13 EACH** the first payment must be received on or before <u>March 16, 2015</u> and the second by <u>April 16, 2015</u>.
OPTION 4:   Monthly payment plan on full balance.

If you are interested in taking advantage of one of these terrific opportunities or if you have any questions, you MUST contact our office as soon as possible at 800-622-0484 (toll free).  When you call, please let your representative know that you have received the CHASE Receivables Option Letter and tell us whether you would like to take advantage of the SETTLEMENT OPTION or the PAYMENT Option.

If we do not hear from you, we are forced to assume that you do not intend to resolve your obligation on a *voluntary basis and we will* recommend that our client proceed with further collection activity.

Sincerely,

Chase Receivables

| **You have 6 easy payment options (where applicable):** |
| --- |
| 1. Send us a check-Make all checks payable to VERIZON and send to the payment address above. |
| 2. Pay via a Credit Card. ($14.95 Chase Receivables processing fee where applicable) |
| 3. Pay via Western Union. |
| 4. Pay via the web www.chaserec.com/paymethod.php PIN# 55536. * |
| 5. Call us at the number shown above and one of our representatives will be happy to assist you! |
| 6. Electronic Check Payments can be done over the phone ($9.95 Chase Receivables processing fee where applicable) |
| * Selecting this option enables you to make a payment 24 hours a day, 7 days a week - and you do not need to speak to a representative. |

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A COLLECTION AGENCY.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

CHR116st-0227-571075624-03237-3237

New York City Department of Consumer Affairs license number 1016382

"*A creditor may sue* you to collect on this debt.  Even if the creditor wins and obtains a judgment against you, state and federal laws prevent certain 'exempt' moneys from being taken to satisfy that judgment.  Income that you receive from the following sources may be 'exempt' from collection:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. *Workers' compensation benefits;*
8. Public or private pensions;
9. Veterans' benefits; and
10. Federal student loans, federal student grants, and federal work study funds.

CHR116st-0227-571075624-03237-3237